# EXHIBIT A

Filed in District Court
State of Minnesota
6/24/2022 2:03 PM

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                            FOURTH JUDICIAL DISTRICT

|  |  |
|---|---|
| Charlotte Brand as Trustee for<br>Next-of-Kin of Michael Brand, deceased,<br><br>Plaintiff,<br><br>v.<br><br>Ford Motor Company,<br><br>Defendant. | Wrongful Death/Product Liability<br>Court File No.:<br><br><br><br>**SUMMONS** |

THIS SUMMONS IS DIRECTED TO DEFENDANT ABOVE NAMED.

    **1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

    **2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail **a written response,** called an Answer, to the person who signed this Summons within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Meshbesher & Spence, Ltd., 1616 Park Avenue, Minneapolis, MN 55404.

    **3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    **4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

Filed in District Court
State of Minnesota
6/24/2022 2:03 PM

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 24, 2022                    By: /s/ Genevieve M. Zimmerman
                                        Genevieve M. Zimmerman (MN #330292)
                                        MESHBESHER & SPENCE, LTD.
                                        1616 Park Avenue
                                        Minneapolis, MN 55404
                                        Telephone: (612) 339-9121
                                        Facsimile: (612) 339-9188
                                        Email: gzimmerman@meshbesher.com

                                        **ATTORNEY FOR PLAINTIFF**

Filed in District Court
State of Minnesota
6/24/2022 2:03 PM

Case Type: Personal Injury

STATE OF MINNESOTA                                        DISTRICT COURT

COUNTY OF HENNEPIN                              FOURTH JUDICIAL DISTRICT

---

CHARLOTTE BRAND as Trustee for                          **COMPLAINT**
Next-of-Kin of Michael Brand, deceased

                            Plaintiff,

    v.

FORD MOTOR COMPANY

                            Defendant.

---

## NATURE OF THE ACTION

1.     This is an action to recover damages for the wrongful death of Michael Brand, who suffered fatal injuries when his 2015 Ford Escape slipped out of a parked position and backed over Mr. Brand on or about June 26, 2018.

## THE PARTIES

2.     Plaintiff CHARLOTTE BRAND as Trustee for Next-of-Kin of Michael Brand, deceased, is an individual who is domiciled in Hennepin County, Minnesota.

3.     Defendant FORD MOTOR COMPANY, hereinafter referred to as "FORD" is a foreign corporation organized in Delaware with a principal place of business in Michigan, who conducts business within the state of Minnesota. FORD may be served through its registered agent CT Corporation System Inc. at 1010 Dale St. N., St Paul, MN 55117, USA.

Filed in District Court
State of Minnesota
6/24/2022 2:03 PM

**JURISDICTION AND VENUE**

4.      Pursuant to Minn. Stat. § 543.19, this Court has personal jurisdiction over FORD as it transacts business by manufacturing, marketing, selling and servicing vehicles in the State of Minnesota. FORD placed the Subject Vehicle (2015 Ford Escape, referenced *infra*) in the stream of commerce with the expectation that it may be used in Minnesota. The Subject Vehicle was registered with the Minnesota Department of Motor Vehicles. FORD takes affirmative steps towards providing permanent channels for vehicle service and advice to Minnesota users of Ford vehicles, new and used. FORD conducts extensive marketing in Minnesota. FORD is registered to do business in Minnesota under Minnesota Statutes § 303.

5.      Pursuant to Minn. Stat. § 542.09, venue is proper in Hennepin County, Minnesota because Hennepin County is the county where all or part of the cause of action arose.

**STATEMENT OF FACTS**

6.      On or about June 26, 2018, Decedent Michael Brand drove his 2015 Ford Escape (referred to as the "Subject Vehicle") and placed the Subject Vehicle in the "park" gear position after arriving at his home in Bloomington, Minnesota. After exiting the vehicle, Mr. Brand walked to the back of the vehicle, when suddenly, without warning, the Subject Vehicle slipped out of park, rolled backwards and struck Mr. Brand. Mr. Brand died as a result of his injuries.

7.      FORD designed, tested, manufactured, marketed, assembled, fabricated, and sold the Subject Vehicle and placed the Subject Vehicle into the stream of commerce.

8.      On or about April 13, 2022, Ford issued Recall No. 22V254000 pertaining to the 2015 Ford Escape models for a defective gear transmission system. The National Highway Traffic Safety Administration (NHTSA) provided information regarding the Recall, as follows:

"Power train: Automatic transmission: Gear position indication

Filed in District Court
State of Minnesota
6/24/2022 2:03 PM

Recall date: 2022-04-13
Recall no. 22V254000

Ford Motor Company (Ford) is recalling certain 2015 Escape vehicles equipped with 2.0L engines. The bushing that attaches the shifter cable to the transmission may degrade or detach.

Recall consequence
A damaged or missing bushing may prevent the vehicle from shifting into the intended gear, and cause the vehicle to move in an unexpected direction. Additionally, the vehicle may roll after the driver selects the 'Park' position. Either scenario increases the risk of a crash or injury.

Recall action
Dealers will replace the under hood shifter bushing and add a protective cap over the shift cable bushing, free of charge. Owner notification letters are expected to be mailed May 9, 2022. Owners may contact Ford customer service at 1-866-436-7332. Ford's number for this recall is 22S25."

9.      FORD was aware of the defect for years prior to the issuing the recall of the Subject Vehicle. FORD fraudulently concealed the defect to Plaintiffs as well the public at large, prohibiting Plaintiff from discovering the defect until FORD issued the recall in 2022 despite due diligence.

## CAUSE OF ACTION ONE
## STRICT LIABILITY AGAINST DEFENDANT FORD

10.     Plaintiffs repeat the allegations set forth in the preceding paragraphs.

11.     FORD designed, manufactured and marketed the Subject Vehicle. The Subject Vehicle was in substantially the same condition on the day of the incident as it was when it left FORD's control. The Subject Vehicle was defective in design, manufacturing and marketing, and said defects were the direct and proximate cause of the death of Michael Brand.

12.     The Subject Vehicle sold and/or distributed by FORD was defective and unreasonably dangerous for intended uses and purposes because of design and manufacturing defects that caused the vehicle to suddenly slip, lurch or move from a position of park without

Filed in District Court
State of Minnesota
6/24/2022 2:03 PM

warning and without purposeful action of the driver or other occupant to shift out of park. A driver could place the Subject Vehicle in a position where it looked, felt and behaved as though it was in park but was actually not in full park and could suddenly and without warning slip or lurch into a reverse or neutral position. This position can be described as a "false park" position and/or an "illusory park" position.

13.     The Subject Vehicle was designed such that the driver could place it in a position where it looked, felt and behaved as though it was in park but was actually not in full park and could suddenly and without warning slip or lurch into a reverse position. This position can be described as a "false park" position and/or an "illusory park" position.

14.     The Subject Vehicle was defective and unreasonably dangerous to ultimate users, operators, and consumers, including Michael Brand, when sold and distributed by Defendant FORD. The defects in the Subject Vehicle include, but are not limited to:

a.     The Subject Vehicle failed to operate as safely as an ordinary consumer would expect;

b.     The Subject Vehicle's gear selector/transmission system malfunctioned during normal and foreseeable use;

c.     The Subject Vehicle failed to include/incorporate an auto apply Emergency Parking Brake (EPB) system;

d.     The Subject Vehicle failed to incorporate other designs that would have minimized the possibility of the vehicle being spontaneously or unintentionally shifted out of park or placed into false park;

4

Filed in District Court
State of Minnesota
6/24/2022 2:03 PM

e.     The Subject Vehicle failed to include and/or incorporate other designs that would have minimized the possibility of the operator exiting the Subject Vehicle without being made aware that the transmission was in a gear other than park;

f.     The Subject Vehicle was designed, manufactured, and sold with an inadequate transmission system which caused the vehicle to be capable of being spontaneously or unintentionally shifted out of park or placed into false park;

g.     The Subject Vehicle's design posed a risk of danger to users and bystanders that outweighed the benefits of that design;

h.     The Subject Vehicle failed to include and/or incorporate an adequate warning, chime, and/or sound to alert users that the Subject Vehicle was not in park and/or was in a false park;

i.     The Subject Vehicle lacked adequate and sufficient warnings and instructions not only about the risks, dangers, and harms presented by the Subject Vehicle but the lack of a reasonable means to reduce such risks, dangers, and harms; and

j.     The Subject Vehicle lacked adequate warning stickers, placards, or any proper documentation, or notice to alert users regarding the hazardous conditions, as stated above, involving the use and operation of the Subject Vehicle.

15.     On June 26, 2018, the Subject Vehicle involved in this incident was in substantially the same condition as it was when it was originally sold and distributed by FORD.

16.     At the time Defendant FORD released the defective Subject Vehicle into the stream of commerce, non-defective gear selector/transmission systems were economically and technologically feasible and their use on the vehicle would have been a safer alternative design

5

Filed in District Court
State of Minnesota
6/24/2022 2:03 PM

which would have significantly reduced the risk of injury to foreseeable users without substantially impairing the utility of the Subject Vehicle.

17.     The defects described above directly and proximately caused the incident and injuries sustained by Plaintiff in that they directly and in natural and continuous sequence produced or contributed substantially to Mr. Brand's death.

18.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Vehicle, Charlotte Brand and the next of kin of Michael Brand have incurred substantial damages, set forth fully herein.

## CAUSE OF ACTION TWO
## NEGLIGENCE AGAINST DEFENDANT FORD

19.     Plaintiffs repeat the allegations set forth in the preceding paragraphs.

20.     Defendant FORD had a duty to properly and adequately design, manufacture, assemble, test, inspect, label, provide adequate warnings for, package, distribute, and sell the Subject Vehicle in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly under ordinary circumstances would come into contact with the Subject Vehicle, including Mr. Brand.

21.     Defendant FORD breached its duty by negligently designing, manufacturing, assembling, testing, inspecting, labelling, packaging, failing to warn, distributing, and selling the Subject Vehicle when it was not in a reasonably safe condition for foreseeable use, as follows:

      a.     Failing to design, manufacture, assemble, test, inspect, distribute, and sell the Subject Vehicle so that it was capable of safe operation;

      b.     Improperly designing, manufacturing, assembling, testing, and inspecting the Subject Vehicle so that its gear selector/transmission system failed to properly

Filed in District Court
State of Minnesota
6/24/2022 2:03 PM

perform as described above, resulting in the vehicle being unintentionally shifted out of park or placed in a false park;

c.    Failing to properly design, manufacture, assemble, test, inspect, label, package, and otherwise place the Subject Vehicle on the market for sale to the public in a condition free of defects and hazards which created an unreasonable danger of injury or death to users under normal and foreseeable circumstances;

d.    Failing to include and/or incorporate safer alternative gear selector/transmission system designs that were commercially available and feasible, and would not have impaired the utility of the Subject Vehicle;

e.    Failing to include and/or incorporate an auto apply function into the vehicle's existing electronic Emergency Parking Brake (EPB) system design which was commercially available and feasible and would not have impaired the utility of the Subject Vehicle;

f.    Failing to include and/or incorporate other designs that would have minimized the possibility of the Subject Vehicle being spontaneously or unintentionally shifted out of park or placed into false park;

g.    Failing to include and/or incorporate other designs that would have minimized the possibility of the operator exiting the Subject Vehicle without being made aware that the transmission was in a gear other than park;

h.    Failing to include an adequate warning, chime, and/or sound to alert users that the Subject Vehicle was not in park and/or was in a false park; and

Filed in District Court
State of Minnesota
6/24/2022 2:03 PM

i.      Failing to warn or adequately warn by using stickers, placards, or other proper documentation, or notice, to alert users regarding the hazardous conditions, as stated above, involving the use and operation of the Subject Vehicle.

22.      The negligence described above directly and proximately caused the incident and injuries sustained by Plaintiff in that they directly and in natural and continuous sequence produced or contributed substantially to Mr. Brand's death.

23.      As a direct and proximate result of the negligence of FORD, Charlotte Brand and the next of kin of Michael Brand have incurred substantial damages, set forth fully herein.

## CAUSE OF ACTION THREE
## BREACH OF WARRANTY AGAINST DEFENDANT FORD

24.      Plaintiff repeats the allegations set forth in the preceding paragraphs.

25.      FORD knew or had reason to know the particular purposes for which the Subject Vehicle were required and were to be used, and that purchasers and users such as the Plaintiffs would rely on Ford's skill or judgment in assembling, manufacturing, equipping, marketing, distributing, selling and supplying goods suitable for such purposes and uses.

26.      The Subject Vehicle was not fit for the particular purposes for which it was intended and for which it was used.

27.      The Subject Vehicle did not conform to the warranties, affirmations and representations made by FORD.

28.      FORD breached express and implied warranties of merchantability and fitness for a particular purpose to the motoring public and specifically to foreseeable users including the Plaintiff regarding the safe operation of the Subject Vehicle.

29.      The defective vehicle sold and placed into the stream of commerce by FORD was done with the representation to the motoring public and to Plaintiffs that it was safe.  The Subject

Filed in District Court
State of Minnesota
6/24/2022 2:03 PM

Vehicle was used in a manner reasonably intended to be used and which FORD anticipated its use. Because of the aforementioned defects in the design and marketing and FORD's carelessness and negligence, the Subject Vehicle could suddenly slip, lurch or move out of the park position without warning and without purposeful action of the driver or other occupant. The breaches of the warranties were direct and proximate causes of the injuries and damages sustained by Plaintiff.

30.     As a direct and proximate result of FORD's breach of warranties, Charlotte Brand and the next of kin of Michael Brand have incurred substantial damages, set forth fully herein.

<u>DAMAGES</u>

31.     Plaintiff repeats the allegations set forth in the preceding paragraphs.

32.     Pursuant to Minn. Stat. 573.02, the Trustee of the next of kin is entitled to maintain an action for the exclusive benefit of the next of kin of the decedent, seeking damages for the loss which each family member in his respective family has suffered as a result of his death. Plaintiff seeks all damages available to each family member.

33.     As a direct and proximate result of FORD's acts and omissions as set forth herein, Charlotte Brand and the next of kin of Michael Brand have incurred and seek the following damages:

a.     Pecuniary losses arising out of the death of Michael Brand, including lost income;

b.     Loss of services;

c.     Loss of advice, comfort, assistance and protection which the next of kin could reasonably have expected had Mr. Brand lived;

d.     Extreme mental and physical pain and suffering and emotional distress, past and future;

e.     Loss of enjoyment of life or impairment of the quality of life, past and future; and

Filed in District Court
State of Minnesota
6/24/2022 2:03 PM

f.      Any other losses and damages sustained by any of the next of kin to which they are legally entitled either pursuant to statute or the common law, including costs and attorney's fees.

34.     As a direct and proximate result of FORD's acts and omissions as set forth herein, Plaintiff Charlotte Brand has incurred and seek the following damages:

a.      Pecuniary losses arising out of the death of Michael Brand, including lost income;

b.      Loss of services;

c.      Loss of advice, comfort, assistance and protection which Charlotte Brand could reasonably have expected had Mr. Brand lived;

d.      Extreme mental and physical pain and suffering and emotional distress, past and future;

e.      Medical bills and expenses incurred for any treatment of Mr. Brand between the time of the incident and the time of his death;

f.      Funeral bills and expenses;

g.      Loss of enjoyment of life or impairment of the quality of life, past and future; and

h.      Any other losses and damages sustained by Charlotte Brand to which she is legally entitled either pursuant to statute or the common law, including costs and attorney's fees.

## JURY DEMAND

35.     Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

36.     WHEREFORE, Plaintiff prays for judgment against each Defendant in an amount in excess of Fifty Thousand and no/100 ($50,000.00) Dollars together with interest, costs and

Filed in District Court
State of Minnesota
6/24/2022 2:03 PM

disbursements incurred herein and for such other and further relief that the Court deems just and equitable, including pre and post-verdict interest.

37.    I hereby acknowledge that sanctions may be awarded pursuant to <u>Minn</u>. <u>Stat</u> § 549.211.

KASTER LYNCH FARRAR & BALL, LLP

Dated: June 24, 2022              By: _____
                                        Kyle W. Farrar
                                        St. Bar No. 0397942
                                        Kaster, Lynch, Farrar & Ball, LLP
                                        1117 Herkimer St.
                                        Houston, Texas 77008
                                        Telephone:  713-221-8300
                                        Facsimile: 713-221-8301
                                        Email: <u>kyle@fbtrial.com</u>

                                        Genevieve M. Zimmerman (MN# 330292)
                                        MESHBESHER & SPENCE, LTD.
                                        1616 Park Avenue
                                        Minneapolis, MN 55404
                                        Phone: (612) 339-9121
                                        Fax: (612) 339-9188
                                        Email: gzimmerman@meshbesher.com

                                        ATTORNEYS FOR THE PLAINTIFF

Filed in District Court
State of Minnesota
6/24/2022 2:03 PM

State of Minnesota    }
County of Hennepin    }

**Affidavit of Service**

I, Michael Hanson, state that on Friday, June 24, 2022 at 1:14 PM I served the Summons & Complaint upon Ford Motor Company, therein named, personally at 1010 Dale Street North, St. Paul, MN, by handing to and leaving with Bob Gustafson, Agent for CT Corporation System Inc., authorized to accept service, the Registered Agent for Ford Motor Company, a true and correct copy thereof.

I declare under penalty of perjury that everything I have stated in this document is true and correct. Minnesota Statute § 358.116.

Dated: 6/24/2022 _____

Michael Hanson, Process Server



METRO LEGAL
legal support specialists since 1969
616 South 3rd Street
Minneapolis, MN 55415-1104
(800) 488-8994
www.metrolegal.com

*2544908 - 1*

RE: 242104

- 1 -

Filed in District Court
State of Minnesota
8/24/2022 4:06 PM

State of Minnesota
Hennepin County

District Court
Fourth Judicial District

| Court File Number: 27-CV-22-9711 |
|---|

Case Type: Wrongful Death

## Notice of Judicial Assignment-
## General Civil Block Cases

FILE COPY

---

**Charlotte Brand as Trustee for Next-of-Kin of Michael Brand, deceased vs Ford Motor Company**

Date Case Filed: June 24, 2022
All future papers must include the above file number, name of assigned judge, attorney identification number, and must otherwise conform to format requirements or they will be returned.

This case is assigned the following judicial officer for all further proceedings:

      **District Court Judge Bridget Sullivan**
      612-596-1482

**Mailing Address:** 300 South Sixth Street, MC 332, Minneapolis, MN 55487-0332

**Parties:**      If you receive this notice and have obtained an attorney, notify him/her of this assignment immediately.

**Attorneys:**    <u>Only the first listed attorney for a party is being sent this notice.</u> If you are the attorney receiving this notice, <u>contact all other attorneys</u> representing your party of the judge assignment and requirements.

              The filing attorney/party is responsible for notifying all attorneys/parties not listed on the Civil Cover Sheet of the judge assignment and requirements.

              Per Supreme Court order, e-filing is mandatory in this case for all attorneys and government agencies. Unrepresented parties are excluded by this order. Attorneys or government agencies must also e-serve all documents required or permitted to be served on other attorneys or government agencies. Upon receipt of this notice, attorneys and government agencies shall immediately add their firm/agency's service contact(s) for this case to the e-filing system. For further information on e-filing, go to: http://www.mncourts.gov/district/4/?page=3953.

All future hearings and trial dates will be scheduled by the courtroom staff. Check with the Court Display Monitors on the Public Service Level for the location on the day of the hearing.

A notice to remove this judicial officer must comply with Minnesota Rules of Civil Procedure 63.03 and Minnesota Statute § 542.16.

Failure to timely file any required document or other failure to comply with the General Rules of Practice for the District Courts may result in the impositions of sanctions, including possible dismissal of the case or striking of the Answer.

The Minnesota Supreme Court has adopted time objectives for the disposition of civil cases. The Fourth Judicial District adheres to these objectives which are: 90% of the cases should be disposed of within 12 months, 97% within 18 months, and 99% within 24 months of filing.

Dated: June 24, 2022

                      Sarah Lindahl-Pfieffer
                      Court Administrator
                      Hennepin

cc:    FORD MOTOR COMPANY
        GENEVIEVE MARY ZIMMERMAN